584

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK HOROWITZ, Appellant, Impleaded with Others.— Two informations were filed accusing defendant-appellant, together with the other defendants, of the crime of unlawfully and knowingly possessing policy slips, in violation of section 974 of the Penal Law, and of the crime of unlawfully keeping a room used for gambling, in violation of section 973 of the Penal Law. Defendant-appellant was convicted on both informations. Sentence was suspended on the latter charge and on the former defendant-appellant was sentenced to the New York City Penitentiary. Judgments unanimously affirmed. No opinion. Present—Martin, P. J., McAvoy, O'Malley, Townley and Dore, JJ.

ALMA M. SIMPKINSON, Respondent, v. RALPH NEUMULLER, Appellant.— Order granting plaintiff's motion to strike out the first and second defenses of the answer as insufficient in law, and order denying defendant's motion for resettlement, unanimously affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Dore, JJ.

## SECOND DEPARTMENT, MAY, 1936.

SELMA C. ANDERSON, Appellant, v. CHRIST CHURCH OF BAY RIDGE and Rev. JOHN H. FITZGERALD, Respondents.—Action to recover for personal injuries suffered by reason of the plaintiff's being struck by the outward swing of the rectory door of the defendant church while she was ascending the steps leading thereto. Judgment dismissing the complaint at the close of the plaintiff's case, so far as the defendant church is concerned, reversed on the law and a new trial granted, costs to the appellant to abide the event. Judgment of dismissal, so far as it relates to defendant Rev. John H. Fitzgerald, unanimously affirmed, without costs. The fact that the plaintiff is a communicant of the defendant church does not preclude her from maintaining this action. Whether or not the form of construction of which complaint is made was defective and its maintenance negligent was a question of fact for the jury. Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ., concur.

CHARLES A. ANDRES, Respondent, v. EMMA ELISE SCHELLENBERG, ELISE CAROLINE SCHELLENBERG, Individually and as Executors, etc., of ELISE SCHELLENBERG, Deceased, Appellants, and ARTHUR J. McQUADE, Special Deputy Superintendent of Banks in Charge of WESTCHESTER TRUST COMPANY in Liquidation, Respondent. — Order denying application to set aside a sale on the ground that the purchaser, the Deputy Superintendent of Banks, had not procured an order of approval from the Supreme Court, under section 69 of the Banking Law, authorizing the purchase, affirmed, with ten dollars costs and disbursements. The provisions of section 69 of the Banking Law do not prohibit the Superintendent of Banks, acting in his capacity as liquidator of a State banking institution, from purchasing property at a foreclosure sale to protect one of the assets of the bank he is liquidating. In the absence of proof showing an abuse of discretion, he may so purchase without first applying to the court for permission. (*Matter of Broderick*, 235 App. Div. 281.) Young, Davis, Johnston and Adel, JJ., concur; Lazansky, P. J., concurs in result.