JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ADOLPH HEINEMANN, Defendant.

Supreme Court, Special Term, New York County, January 26, 1937.

*William Roth*, for the defendant, for the motion.

*John A. Mullen* [*John A. Mullen* and *Harrison W. Gebhardt* of counsel], for the plaintiff, opposed.

FRANKENTHALER, J. In this action by the Superintendent of Banks of the State of New York to enforce the liability of stockholders of Globe Bank and Trust Company for unpaid debts of the bank, the defendant moves to dismiss the complaint on the ground that it fails to state a cause of action.

Section 80 of the Banking Law provides that " whenever a liability of stockholders for the amount of their respective shares of any such corporation exists, and the Superintendent has duly taken possession of the property and business of such corporation, and has duly notified creditors to present and make proof of their respective claims and the last day to present such claims has expired, and he has determined from his examination of its affairs that the reasonable value of the assets of such corporation is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders in whole or in part. In case he determines to enforce such liability, he shall make demand in writing upon such stockholders * * *. In case any such stockholder shall fail or neglect to pay such assessment within the time fixed in said notice, the Superintendent shall have a cause of action * * * against such stockholder either severally or jointly with other stockholders of such corporation, for the amount of such unpaid assessment or assessments " with interest. The complaint alleges compliance with all these requirements. It sets forth that the plaintiff took possession of the property and business of the bank; that he notified creditors to present and prove their claims and that the last day for doing so has expired; that " from his examination of its [the bank's] affairs " he " determined that the reasonable value of the assets * * * was not sufficient to pay its creditors in full;" that he accordingly " determined to enforce the individual liability of the stockholders " and decided " that an assessment of $100.00 against each stockholder for each share of stock held by him was required and necessary to provide moneys toward the payment and satisfaction of the sums due and owing to the creditors * * * and thereupon * * * assessed the stockholders * * * the sum of $100.00 for each share of stock held by them;"

that he duly .demanded payment from the defendant of $4,800, representing the sum assessed against him as owner and holder of 48 shares; and that the defendant failed to comply with the demand within the time therein fixed.

The claim that the complaint is insufficient is predicated upon the fact that " it is nowhere alleged in the complaint that the enforcement of such stockholders' liability against the stockholder is necessary to pay the creditors of said Bank in full, nor are any facts set forth showing that such necessity exists," there being no allegation " that the liabilities of the said Globe Bank and Trust Company exceed the amount of its assets." The Superintendent of Banks, on the other hand, contends that under section 80 of the Banking Law his determination that an assessment is necessary is conclusive upon the stockholders in an action to recover the amounts assessed against them and that an allegation that he determined that the reasonable value of the assets was not sufficient to pay creditors in full is all that the statute requires. According to the Superintendent, section 80 vests him rather than the court with the power to determine the necessity for an assessment. If the Superintendent's view be the correct one, it would of course follow that a complaint to be sufficient need merely allege that the Superintendent determined that an assessment was necessary without setting forth that an assessment is actually needed or any facts justifying that conclusion.

The question thus presented has apparently never been decided in this State. It is true that in *Cheney* v. *Scharmann* (145 App. Div. 456) it was held that the Superintendent was obliged to plead and prove that in order to pay the debts of the bank (p. 460): " it is or will be ' necessary ' to ' enforce the individual liability of the stockholders ' " and that (p. 461): " There is nothing in the Banking Law conferring on the Superintendent " the power or authority to substitute his personal decision " for the investigation and judgment of established courts of justice." (See, also, p. 470.) This decision was, however, based upon the wording of section 19 of the Banking Law (as amended by Laws of 1910, chap. 452) then in force which provided that the Superintendent, after taking possession of the property and business of a bank, " may, if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders." The statute in its then form contained no language conferring *upon the Superintendent* the power to determine the necessity for the assessment and this was the basis of the holding that the issue of necessity was *for the court* to determine. For the purpose, apparently, of relieving the Superintendent of the burden of pleading and proving the necessity for assessments levied by him,

a statute differently worded (§ 80) was enacted as part of a general revision of the Banking Law in 1914 (Laws of 1914, chap. 369). Whereas the prior statute permitted the Superintendent to enforce the individual liability of stockholders only " if necessary to pay the debts " of the bank, the new enactment authorized the enforcement of the stockholders' liability whenever " *he* [the Superintendent] has determined from his examination of its affairs that the reasonable value of the assets of such corporation is not sufficient to pay its creditors in full." (Italics the court's.) Since 1914, therefore, the enforcement of the stockholders' liability is dependent solely upon the Superintendent's determination of the necessity therefor and it is no longer for the court to decide whether and to what extent an assessment is required. Another amendment to the Banking Law adopted in the same year (1914) tends to confirm this conclusion. Section 80, as enacted in that year, contained a new provision authorizing the Superintendent to sue stockholders " either severally or jointly with other stockholders " to recover unpaid assessments. (See *Van Tuyl* v. *Schwab,* 172 App. Div. 670.) It is difficult to believe that the Legislature contemplated that in each separate suit brought against one or more stockholders, the Superintendent might be obliged to litigate anew the question of the necessity for the assessment, or that the court in each of said actions might be required to " wade through all the facts and figures involved in the bank's assets and liabilities to make the determination which the Legislature had already authorized the Superintendent himself to make, with possibility of conflict between the decisions of different courts in different cases affecting stockholders of the same bank." (*Hood* v. *Guaranty Trust Co.*, 270 N. Y. 17, at p. 29; *Broderick* v. *American General Corp.*, 71 F. [2d] 864, 870.)

In *Broderick* v. *Adamson* (148 Misc. 353) Mr. Justice LYDON declared that a certificate of the Superintendent, setting forth the value of the assets and liabilities of a bank, as provided for in section 80 of the Banking Law, is conclusive upon its stockholders as to the necessity for the assessment in the absence of a showing of fraud, illegality, bad faith or obvious error (p. 370): " There is neither logic nor reason in the principle that the certificate of the Superintendent may be overthrown upon the basis of mere differences of opinion between the Superintendent and the experts and witnesses of the defendants in relation to reasonable values. The determination of the Superintendent is essentially and peculiarly an administrative act resting upon the exercise of sound business judgment and discretion. (Banking Law, § 80; *Matter of Union Bank*, 176 App. Div. 477.) If not infected with bad faith or obvious error, or violative of any fixed legal principle, it should not be subject to

attack upon the theory that the preponderance of evidence, in the opinion of the trier of the facts, indicates that the values as fixed by the Superintendent are merely erroneous. Liquidation presupposes the prompt and speedy conversion of assets to cash in the interests of creditors, and the right to enforce and collect the assessment should not be subject to defeat by the mere balancing of the opposing opinions and views of expert witnesses upon the questions of reasonable values. If it should ultimately appear that the assessment was unnecessary in whole or in part, the stockholders are entitled to share in any remaining surplus (Banking Law, § 79). As between the stockholder and the creditor, it is the convenience of the latter that is preferred by the courts."

This reasoning was quoted with approval in *Broderick* v. *American General Corp.* (*supra,* at pp. 869, 870). Although the language of Mr. Justice LYDON had been confined to the effect of the Superintendent's certificate, the Federal court went further and interpreted section 80 as vesting the Superintendent rather than the court with the power to determine the necessity for an assessment (p. 870): " While this is not the expression of the highest court of the State in the interpretation of its statute, it is entitled to great weight, not only because it emanates from one of the courts of the State charged with the duty of applying the statute, but also because of its appeal as being inherently reasonable and necessary. The statute gives a cause of action for the amount of the assessment made against each stockholder, not for the amount which the court may deem necessary to meet the bank's indebtedness. The Superintendent of Banks is authorized to determine himself the necessity for the assessment; not to bring an action to have the court determine it. He may sue the stockholders severally as well as jointly for the amounts due under the assessments levied; and surely it was not contemplated by the Legislature that in each suit the court should wade through all the facts and figures involved in the bank's assets and liabilities to make the determination which the Legislature had already authorized the Superintendent himself to make, with possibility of conflict between the decisions of different courts in different cases affecting stockholders of the same bank."

The Banking Law in this State was amended and revised in 1908 to provide a plan for the liquidation of banks similar to that existing for national banks. (*Van Tuyl* v. *Scharmann,* 208 N. Y. 53, at p. 63; *Matter of Union Bank,* 204 id. 313; Report of Special Commission on Banks, Dec. 1907, Sen. Doc. 1908, No. 8; Report of Superintendent of Banks, 1908, Sen. Doc. 1908, No. 6, p. xxix.) It is, therefore, pertinent to observe that it is well settled that the decisions of the Comptroller of the Currency are conclusive as to

assessments levied against stockholders of national banks for the purpose of enforcing their statutory liability (*Kennedy* v. *Gibson*, 8 Wall, 498, at p. 505; *Casey* v. *Galli*, 94 U. S. 673; *United States* v. *Knox*, 102 id. 422; *Studebaker* v. *Perry*, 184 id. 258), being subject to attack only for fraud, obvious error or bad faith. (*United States* v. *Knox, supra*, at p. 425.) In *Liberty National Bank* v. *McIntosh* (16 F. [2d] 906) the court said (at p. 909): " The decisions of the Comptroller of the Currency are not subject to collateral attack, nor is his assessment against shareholders, and the amount thereof open to review; but, on the contrary, neither the bank nor the shareholders, clearly in the absence of fraud charged and proved, are entitled to a judicial determination of any question involved in his decision either as to the solvency, the sum due creditors and the amount of assessments as ordered, such matters one and all being exclusively within the judgment and discretion of the Comptroller, and as to which he acts in a quasi judicial capacity."

The rule is the same in many of our States. (103 A. L. R. 756–758.) Reference to one of them will suffice. In *Commissioner of Banks* v. *Prudential Trust Co.* (242 Mass. 78; 136 N. E. 410) the court, after pointing out that the Massachusetts statute had been modeled upon the National Bank Act, decided that the determination by the Commissioner of Banks that an assessment was necessary was conclusive upon the court and that (p. 87): " *The Federal cases already cited are sufficient authority to the effect that our statute thus interpreted violates no provision of the Fourteenth Amendment to the Constitution of the United States.*" (Italics this court's.)

The court added (p. 88): " The determination by the Commissioner of Banks to collect an assessment of one hundred per cent from the shareholders is not the exercise of a judicial function. It is a practical business question to decide whether in the economical and expeditious settlement of an insolvent bank the entire amount collectible shall be demanded at once and the balance, if any, after paying the debts, be returned, or whether, in the general interest of all concerned a less amount be assessed."

In the recent case of *Hood* v. *Guaranty Trust Co.* (*supra*) the North Carolina statute there under consideration expressly provided that although the levy of an assessment by the Commissioner of Banks was to be docketed as a judgment of the Superior Court, " any stockholder may appeal to the Superior Court from the levy of assessment; the issue raised by the appeal may be determined as other actions in the Superior Court " (p. 22). This provision, according to decisions of the North Carolina courts, authorized stockholders to try out every issue involved in an assessment in accordance with the procedure provided for the trial of actions

brought in the Superior Court, and both the majority opinion of our Court of Appeals, written by Judge FINCH, and the minority opinion of Judge LEHMAN recognized that under the North Carolina statute the determination of the Commissioner of Banks was, therefore, not conclusive (pp. 24, 35). Judge LEHMAN added, however (p. 35): " His determination [referring to the Commissioner of Banks] of the necessity and the amount of the assessment to be made may, if the statute so provides, be conclusive in a statutory action thereafter brought to enforce such liability." Although some doubt was expressed as to whether the statute would have been constitutional had it provided that the Banking Commissioner's determination as to the necessity of an assessment was to be conclusive, it is to be noted that the United States Supreme Court and many of our State courts have upheld such statutes. (See cases previously cited; see, also, 103 A. L. R. 754–758.) In *Broderick* v. *Rosner* (294 U. S. 629) the contention of the Superintendent of Banks of this State that his determination is conclusive and that his assessment is, therefore, a " public act " within the meaning of the full faith and credit clause of the Federal Constitution, was discussed but not passed upon by the United States Supreme Court (pp. 646, 647). The language of Mr. Justice BRANDEIS (at p. 645) tends, however, to indicate that the court, had it found it necessary to decide the question, might well have held that the New York statute made the Superintendent's determination conclusive. Were such a statute unconstitutional, one might expect to find a suggestion in that direction in the comprehensive opinion of the court, but not even an intimation of this character is contained therein. In this connection it is well to bear in mind that the Banking Law entitled stockholders to a refund of any surplus remaining after payment of the bank's debts and that, therefore, an erroneous determination by the Superintendent of Banks does not permanently deprive them of moneys which were unnecessary for the satisfaction of those debts.

A few words are necessary as to the argument that certain language of section 80 indicates that the Legislature did not intend the Superintendent's determination to be conclusive.

The language referred to read as follows prior to 1934: " In any such action, the written statement of the Superintendent, under his hand and seal of office, reciting his determination to enforce the individual liability, or any part thereof, of such stockholders, and setting forth the value of the assets of such corporation and the liabilities thereof, as determined by him after examination and investigation, shall be presumptive evidence of such facts as therein

stated." As amended by chapter 494 of the Laws of 1934, the language now reads as follows: " In any such action or proceeding *now pending* or hereafter commenced, the written statement of the Superintendent, made at any time prior or subsequent to the mailing of such demand under his hand and seal of office, and reciting his taking of possession of such corporation pursuant to section fifty-seven of this chapter and his determination to enforce such liability, or any part thereof, and setting forth after examination and investigation the value of the assets of such corporation and the liabilities thereof as of a date prior to his determination, shall be presumptive evidence of the necessity of such assessment and of the facts as therein stated." (Italics the court's.)

The defendant argues that this provision, making the Superintendent's certificate " presumptive evidence," indicates that the Superintendent's determination was not to be conclusive. That was the view taken in *Broderick* v. *McGuire* (119 Conn. 83; 174 A. 314), the court there stating that if it were the intent of the statute to make the Superintendent's determination conclusive (p. 98): " the concluding sentence of the section, making his certificate ' presumptive evidence ' of the facts stated in it, seems peculiarly inapt." Subsequent to this decision, however, the United States Supreme Court expressly held that the provision making the Superintendent's certificate presumptive evidence of the facts therein stated merely prescribed a rule of evidence *and did not evidence an intention to subject the Superintendent's determination to attack in an action to enforce the liability of stockholders. (Broderick* v. *Rosner, supra,* at p. 645.) Mr. Justice BRANDEIS, writing for the court, said: " The Superintendent is an independent executive on whom the Legislature has conferred large responsibilities, compare *Isaac* v. *Marcus,* 258 N. Y. 257, 263–5; 179 N. E. 487; *Matter of Broderick,* 235 App. Div. 281; 257 N. Y. S. 382; among them, the determination of the questions involved in stockholders' liability. He must decide whether there is a deficiency of assets which requires resort to that liability; and if so, what proportion of the full liability it is necessary to enforce; and when the assessment shall be paid. *It is urged that unlike the assessment involved in Converse* v. *Hamilton* (224 U. S. 243), *that laid by the New York Superintendent is not conclusive as to its propriety and amount. The contention rests primarily upon a misconception of a provision in § 80 of the Banking Law,* to the effect that ' the written statement of the Superintendent, under his hand and seal of office, reciting his determination to enforce the individual liability or any part thereof, of such stockholders and setting forth the value of the assets of such corporation and the

liabilities thereof, as determined by him after examination and investigation, shall be presumptive evidence of such facts as therein stated.' *This provision does not declare, as a rule of substantive law, that the determination is open to attack in an action to enforce the stockholders' liability. It merely provides, as in the case of other official acts, a method of proof without the calling of witnesses.*" (Italics this court's.)

The same view as to the effect of the language making the Superintendent's certificate presumptive evidence of the facts therein stated was taken by the Circuit Court of Appeals in *Broderick* v. *American General Corp.* (*supra*), the court saying (at p. 870): "It is said that the certificate of the Superintendent of Banks is made only presumptive evidence by the last sentence of section 80; but we think that by this sentence it was intended to make clear that the certificate of the Superintendent should be accorded that presumption of correctness which attaches to official acts of administrative officers, *not to detract from the strength of the presumption which would attach to it in the absence of statute.*" (Italics this court's.)

For the reasons indicated, this court is of the opinion that under section 80 of our Banking Law the determination by the Superintendent of Banks that an assessment is necessary is conclusive upon the stockholders in an action to enforce their liability and that a complaint in such an action is sufficient if it alleges his determination that an assessment is necessary without any allegation that the assessment is in fact necessary and without the allegation of any facts to support such a conclusion. Objections to the assessment as erroneous in law or as made in bad faith need not be negatived in the complaint but must be affirmatively raised by the defendant. The motion to dismiss the complaint for insufficiency is accordingly denied.