## Harr, Secretary of Banking, etc., v. Boucher

*Clarence E. Davis*, for plaintiff.

*Philip N. Shettig* and *Charles S. Evans*, for defendant.

GRIFFITH, J., April 20, 1943.—This is a rule for judgment against defendant for want of a sufficient affidavit of defense. Defendant contends that the rule should be dismissed, first, because plaintiff has not complied with the requirements of the act of assembly in connection with what is termed a "condition precedent to bringing suit", in that the written notice and demand for payment was made upon defendant on March 20, 1934, and required him to pay on or before April 18, 1934, a period of but 29 days, whereas, The Banking Act of June 15, 1923, P. L. 809, sec. 37, provides that "The demand shall also fix a date, not less than thirty

days after the date of such demand, on which the stockholders shall be required to pay such assessment to the secretary"; and, second, because there is a sufficient denial in the affidavit of defense in respect to the making of the assessment against the stockholders by the Secretary of Banking and a sufficient averment to the effect that the assets exceeded the liabilities at the time the secretary made the assessment.

We will consider defendant's second contention first.

In answer to defendant's second contention, plaintiff relies upon the rule that a determination by the Secretary of Banking as to the necessity of an assessment upon the stockholders is conclusive against the stockholder in an action on the assessment. After a careful consideration of the authorities, we agree with the contention of plaintiff.

"In general a determination by a bank superintendent or other state banking officer in charge of the affairs of an insolvent bank as to the propriety and necessity and amount of an assessment on the stockholders is conclusive as against a stockholder in an action on the assessment. . . . The rule making the assessment by the banking official conclusive is, however, under some statutes and decisions, qualified by the statement that there must be an absence of fraud, illegality, bad faith, or obvious error . . .": 9 C. J. S. 190.

In the present case, there is no allegation in the affidavit of defense of any fraud, illegality, bad faith, or obvious error. In Broderick v. Stephano, 314 Pa. 408, the court said (p. 410) :

". . . so far as concerns the liability of stockholders to assessment, 'our own Banking Act is similar, in respect to the provisions in question, to the New York act.' "

Since the provisions of the Pennsylvania and New York acts are similar, the decisions of New York courts are pertinent to the consideration of the issue now be-

fore us. The wording of the two statutes is almost identical. In Pennsylvania, The Banking Act of June 15, 1923, P. L. 809, sec. 37, provides in part as follows:

"Whenever the stockholders of a corporation whereof the secretary shall have taken possession are liable . . . to an amount equal to the par value of their stockholdings in such corporation, and the secretary has determined from his examination of the affairs of the corporation that the reasonable value of its assets is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders to such extent as may be necessary. . . .

"In any such action, the written statement of the secretary, under his hand and seal of office, reciting his determination to enforce the individual liability, or any part thereof, of such stockholders, and setting forth the value of the assets of the corporation and its liabilities, as determined by him after examination and investigation, shall be prima facie evidence of such facts as therein stated."

In the New York statute, instead of the words "prima facie", the words used are "presumptive evidence of such facts as therein stated".

It has been seriously contended that the use of the words "prima facie" in the Pennsylvania statute, and the words "presumptive evidence" in the New York act, modify the first paragraph of the section authorizing the secretary to determine that the reasonable value of the assets is not sufficient to pay the creditors in full. However, the court said, in Broderick, Supt. of Banks, v. Heinemann, 293 N. Y. Supp. 879, 887:

"The defendant argues that this provision, making the superintendent's certificate 'presumptive evidence,' indicates that the superintendent's determination was not to be conclusive. . . . 'The concluding sentence of the section, making his certificate "presumptive evidence" of the facts stated in it, seems peculiarly inapt.' Subsequent to this decision, however, the United States Supreme Court expressly held that the provision mak-

ing the superintendent's certificate presumptive evidence of the facts therein stated merely prescribed a rule of evidence and did not evidence an intention to subject the superintendent's determination to attack in an action to enforce the liability of stockholders, Broderick v. Rosner, 294 U. S. 629."

In Broderick, etc., v. American General Corp et al., 71 F.(2d) 864, the United States Circuit Court of Appeals said (p. 870) :

"He [the superintendent] may sue the stockholders severally as well as jointly for the amounts due under the assessments levied; and surely it was not contemplated by the Legislature that in each suit the court should wade through all the facts and figures involved in the bank's assets and liabilities to make the determination which the Legislature had already authorized the superintendent himself to make, with possibility of conflict between the decisions of different courts in different cases affecting stockholders of the same bank."

We are of the opinion that in an action against the stockholder of an insolvent bank for an assessment the stockholder may not attack the propriety of the assessment by the secretary unless fraud, bad faith, obvious error, or abuse of discretion is alleged.

Moreover, there is no specific denial contained in the affidavit of defense that it was necessary to levy an assessment upon the stockholders in order to pay the creditors in full.

As we have seen above, the act provides that when the secretary has determined that the reasonable value of the assets is insufficient to pay the creditors in full he may enforce the individual liability of the stockholders.

Paragraph 10 of plaintiff's statement of claim avers, in effect, that the secretary determined that the assets of the bank were not sufficient to pay its creditors in full on or about March 20, 1934, and determined to enforce the individual liability of the stockholders. In answer to paragraph 10 of plaintiff's statement of claim,

defendant admitted that, on or about March 20, 1934, plaintiff determined to enforce the individual liability of the bank's stockholders, and set forth that defendant has no means of ascertaining the correctness of the averment that it appeared to the secretary that the assets were not sufficient to pay the creditors in full, but that from defendant's knowledge of subsequent events, hereinafter set forth (presumably in paragraph 16), he denies the averment and demands proof. Paragraph 16 of the affidavit of defense in effect denies that the liabilities of the Dixonville Deposit Bank exceeded its assets on the date therein specified for the reason that certain accounts filed by plaintiff as receiver of said bank, to no. 239, December term, 1932, in the Court of Common Pleas of Indiana County, Pa., show that the assets were approximately $15,000 in excess of the liabilities. Such a denial is not effective to controvert the allegations contained in the statement of claim: Broderick v. Allis, 26 D. & C. 60; Bank of America National Trust & Savings Assn. v. Sunseri et al., 311 Pa. 114.

Under the provisions of the Act of 1923, the secretary is authorized to determine whether the *reasonable value* of the bank's assets is sufficient to pay the creditors in full. The answer of defendant is to the effect that the secretary illegally made the determination that the assets were insufficient, for the reason that in filing certain accounts in the Court of Common Pleas of Indiana County what must have been the book value of the assets was approximately $15,000 in excess of the liabilities. As we view it, this is not a denial that the "reasonable value" of the bank's assets is not sufficient to pay its creditors in full. In order that the creditors of an insolvent bank be paid promptly, it is reasonable to permit the secretary to make this determination, and under the rule above referred to we believe the affidavit of defense is insufficient to prevent judgment.

Defendant's first contention was that the action must be abated on account of the fact that but 29 days' notice was contained in the demand made upon him for payment of his stock assessment. In support of this contention defendant cites the case of Bell, Secretary of Banking, Recr., v. Gaston, 46 D. & C. 62. In that case the court felt that the rule as to proper notice in mechanic's lien cases was applicable to a situation similar to the one in this case for the collection of an assessment against a stockholder of an insolvent bank, and that, therefore, the failure to comply literally and explicitly with the provisions of the act of assembly should result in an abatement of the action. We do not feel that literal compliance with the provision that the demand shall fix a date not less than 30 days after the date of the demand for payment is a condition precedent to the bringing of an action.

In this case likewise it will be noted that the case of Harr v. Mikalarias, 328 Pa. 49, was relied upon. In that case, however, the written notice and demand was dated and sent on June 20, 1936, and the action in assumpsit was begun on June 29, 1936, or nine days thereafter. Of course, under these facts the suit was properly dismissed, as it had been brought prematurely. There is no doubt that section 37 of the Act of 1923 requires that the full period of 30 days after demand elapse before suit is brought. In the present case the notice was sent to defendant on or about March 20, 1934, and suit was not brought until May 15, 1936, or after a period of more than two years elapsed.

Plaintiff likewise refers us to a case which has not as yet been reported, in which the Court of Common Pleas of Indiana County reached an opposite conclusion from that reached by the Court of Common Pleas of Jefferson County. In the case of Bell, Secretary of Banking, Recr., v. Streams, June term, 1940, no. 529, the court considered a situation identical with the one now before this court, and came to the conclu-

sion that the intent and purpose of the provision as to notice was merely to advise the owner of his liability and to give him a reasonable time within which to make payment without being subjected to the costs of suit. With this conclusion we are all in accord. We believe that the "consequences of a particular interpretation" (Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51(6), 46 PS §551) which defendant desires us to place upon this act would be to defeat rather than to further the legislative intent. Certainly defendant had ample notice of his liability before suit was brought, and the fact that he was notified to pay 29 days after date instead of 30 days after date is certainly no reason to excuse payment in a case such as this, where suit was not brought until more than two years had elapsed.

It may be that there was some fraud, illegality, bad faith, or obvious error in the making of the stock assessment against defendant which defendant, if given another opportunity, can specifically aver. In order not to deprive him of such a defense, if he has one, we feel that we should exercise our power of permitting defendant to file an amended or supplemental affidavit of defense if, under the facts, he is able to do so.

We, therefore, enter the following

### Decree

And now, April 20, 1943, after argument and due consideration, plaintiff's rule for judgment for want of a sufficient affidavit of defense is hereby made absolute, and the prothonotary is directed to enter judgment in favor of plaintiff, Luther A. Harr, Secretary of Banking of the Commonwealth of Pennsylvania, receiver of the Dixonville Deposit Bank, and against defendant, I. A. Boucher, in the sum of $492.64, together with interest thereon from April 18, 1934, unless defendant shall, in accordance with leave of court, which is hereby granted, file an amended or supplemental affidavit of defense within 15 days from the

date of this decree, both specifically denying the necessity of the stock assessment made by the Secretary of Banking against the stockholders, and averring fraud, illegality, bad faith, or obvious error, and specifically setting forth of what said fraud, illegality, bad faith, or obvious error consists.